# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL A. JOHNSON, | : | CIVIL ACTION NO. |
| Individually and Collectively, et al., | : | 1:15-CV-02482-WSD-JSA |
| Fulton Cnty. ID # 1508816, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THEODORE JACKSON, | : | PRISONER CIVIL ACTION |
| Sheriff of Fulton County, GA, et al., | : | 42 U.S.C. § 1983 |
| Individually and Collectively, | : | |
| Defendant(s). | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On July 10, 2015, the Clerk docketed Plaintiff's motion for emergency intervention as his complaint in this civil rights action. (Doc. 1). On July 22, the Court concluded that Plaintiff's allegations did not warrant an emergency response and ordered him to either pay the filing and administrative fees for this case or submit a financial affidavit seeking leave to proceed *in forma pauperis* ("IFP"), and also to file an amended complaint.[1] (Doc. 2). The Court advised Plaintiff that his failure to pay

---

[1]The Court noted that Plaintiff, an inmate at the Fulton County Jail ("Jail"), "does not allege any specific danger or threat, other than some rough treatment he received from Jail officers after he complained about his cellmate on July 6, 2015. Although Plaintiff also alleges that he was 'brutally beaten by several deputies and or detention officer[s]' upon his arrival at the Jail on April 28, 2015, he does not allege that he is in further danger from those deputies or officers." (Doc. 2 at 1 (citations omitted)).

the fee or submit the required IFP forms within 21 days might result in the dismissal of this action.  (*Id.* at 3).  To date, Plaintiff has not responded to the Court's July 22 order.[2]

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED without prejudice** due to Plaintiff's failure to obey a lawful order of the Court.  *See* LR 41.3.A.(2), NDGa.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 27th day of August,  2015.

_____

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

_____

[2]It appears that Plaintiff is the same Michael Johnson who as early as 2008 had accumulated three strikes under 28 U.S.C. § 1915(g), and, therefore, "unless [he] is under imminent danger of serious physical injury," *id.*, he may not file a civil complaint in this Court without first paying the filing fees in full.  *See Johnson v. Freeman*, No. 1:08-cv-3217-BBM (N.D. Ga. Oct. 31, 2008), Doc. 2 at 2 ("Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Johnson v. Freeman*, No. 1:08-CV-2180-BBM (N.D. Ga. Oct. 29, 2008), Doc. 8 (listing cases).  Plaintiff's conclusory assertion of a life threatening emergency fails because the facts alleged in support show no imminent threat of serious injury." (citation altered)). Likewise, here, Plaintiff's motion for intervention "to safeguard his life" (Doc. 1 at 1) fails to show that he is "under imminent danger of serious physical injury" (*see* Doc. 2 at 1).

2