IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL A. JOHNSON, | : | CIVIL ACTION NO. |
| GDC ID # 191329, | : | 1:15-CV-02482-WSD |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THEODORE JACKSON, | : | PRISONER CIVIL ACTION |
| Sheriff of Fulton County, GA, et al., | : | 42 U.S.C. § 1983 |
|     Defendant(s). | : | |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

On July 10, 2015, the Clerk docketed Plaintiff's motion for emergency intervention as his complaint in this civil action. (Doc. 1). On July 22, the Court concluded that Plaintiff's allegations did not warrant an emergency response and ordered him, within 21 days, to either pay the $400 filing and administrative fees for this action or submit a financial affidavit seeking leave to proceed *in forma pauperis* ("IFP"), and also to file an amended complaint. (Doc. 2). On August 27, the undersigned recommended that this action be dismissed because Plaintiff had not obeyed the Court's previous order. (Doc. 3). But on August 28, the Court received Plaintiff's amended complaint, signed on August 18, in which he alleged that he faced a "life-threatening environment" at the Fulton County Jail. (Doc. 5 at 4, 5). The Court

also received on August 28 Plaintiff's notice of change of address, signed on August 19, indicating that he had been transferred to state prison. (Doc. 6 at 1). To date, Plaintiff has not filed an IFP application, as ordered.

In the previous Report and Recommendation, the undersigned noted that it appears that Plaintiff is the same Michael Johnson who as early as 2008 had accumulated three strikes under 28 U.S.C. § 1915(g), and, therefore, "unless [he] is under imminent danger of serious physical injury," *id.*, he may not file a civil complaint in this Court without first paying the filing fees in full.[1] (Doc. 3 at 2 n.2 (citing *Johnson v. Freeman*, No. 1:08-cv-3217-BBM (N.D. Ga. Oct. 31, 2008), Doc. 2 at 2 ("Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Johnson v. Freeman*, No. 1:08-CV-2180-BBM (N.D. Ga. Oct. 29, 2008), Doc. 8 (listing cases). Plaintiff's conclusory assertion of a life threatening emergency fails because the facts alleged in support show no imminent threat of serious injury." (citation altered)))).

Plaintiff's notice of change of address, in which he provides a Georgia

---

[1] A prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Department of Corrections ("GDC") identification number of 191329, confirms that he is indeed the Michael Johnson who has three strikes under § 1915(g). *See* 1:08-CV-2180, Doc. 8 at 3 (listing as one of Johnson's three-strike cases *Johnson v. Unknown Defendants*, No. 7:05-CV-0116-HL-RLH (M.D. Ga. March 21, 2006), in which the Court dismissed as frivolous the complaint "filed by Michael A. Johnson, GDC [identification number] 191329"). Plaintiff was therefore required to pay the full filing and administrative fees at the time he submitted his complaint. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting "that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit"). He did not do so, nor did he present a colorable claim that he was in "imminent danger of serious physical injury" at the Fulton County Jail (*see* Doc. 2 at 1), where, in any event, he is no longer detained.

**IT IS THEREFORE ORDERED** that the undersigned's previous Report and Recommendation (Doc. 3) is **WITHDRAWN**; and **IT IS RECOMMENDED** that this action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

**SO ORDERED and RECOMMENDED** this 16th day of September, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE